Of Counsel:
MILLER SHEA
A Limited Liability Law Company

JEFFREY P. MILLER     7559-0
1001 Bishop Street, Suite 2925
Honolulu, Hawaii  96813
Telephone:  (808) 536-2442
Facsimile:  (808) 369-8281
Email:  jeff@millershealaw.com

Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTER TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Russell Young, Glen Kaneshige, Eric Hashizume, George Ehara, Ronald Taketa, Kyle Chock, Shayne Chung, Conrad C. Verdugo, Jr., Ralph Hoohuli, Travis Murakami and Alika Fujimoto; *Apprenticeship & Training Fund by its trustees* Claude Matsumoto, Thomas Toma, Conrad Murashige, Dale Sakamoto-Yoneda, Roy Morioka, Vince Nihipali, Sheri Mau, Kyle Chock, Ronald Taketa, Mitchell Tynanes, Sean Newcamp, Ralph Hoohuli, Travis Murakami and Barbara Kono; *Vacation & Holiday Fund by its trustees* James Watanabe, Paul Silen, Paul Sasaki, Jay Kadowaki, Roy Morioka, Kyle Chock, Sean Newcamp, Mitchell Tynanes, Ralph | CIVIL NO. 18-00393 LEK-RT<br><br>FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST MONTAGE DECOR, LLC<br><br><br><br><br><br><br><br><br><br><br><br>Hearing Date: April 5, 2019<br>Time: 9:30 a.m.<br>Judge: Rom Trader<br><br>No Trial Date Set |

Hoohuli, Travis Murakami, Tom Broderick and Blake T. Inouye; *Market Recovery Program by its trustees* Thalia Choy, Alan Shintani, Justin Izumi, Ken Kawamoto, Bill Wilson, Lance Wilhelm, Sean Newcamp, Kyle Chock, Mitchell Tynanes, Ralph Hoohuli, Travis Murakami and Dale Sakamoto-Yoneda; *Financial Security Fund by its trustees* Kenneth Spence, Conrad Murashige, Kenneth Sakurai, Alan Shintani, Kyle Chock, Ronald Taketa, Shayne Chung, Sean Newcamp, Ralph Hoohuli, Clyde Sugawa, Joyce Furukawa, Travis Murakami and Michael Inouye; *Drywall Training Fund by its trustees* Vince Nihipali, Sr., Lito Alcantra, Bert Beaman, Mike Goodnight, Kevin Respecki, Sean Newcamp, Garrett Takara, Edmund Aczon, David Samson and Ivan Lay; *401-K Fund by its trustees* Kenneth Spence, Conrad Murashige, Kenneth Sakurai, Alan Shintani, Kyle Chock, Ronald Taketa, Shayne Chung, Sean Newcamp, Ralph Hoohuli, Clyde Sugawa, Joyce Furukawa, Travis Murakami and Michael Inouye;

        Plaintiffs,

  vs.

MONTAGE DECOR, LLC; JOHN DOES 1-100; JANE DOES 1-100; DOE CORPORATIONS 1-100; DOE PARTNERSHIPS 1-100; DOE ENTITIES 1-100; DOE

| | |
|---|---|
| GOVERNMENTAL UNITS 1-100, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

**FINDINGS AND RECOMMENDATION TO
ENTER DEFAULT JUDGMENT AND AWARD
DAMAGES AGAINST MONTAGE DECOR, LLC**

On October 15, 2018, Trustees of the Hawaii Carpenters Trust Funds ("HCTF") filed a Complaint against Montage Decor, LLC

Jurisdiction of this Court is based on the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974 and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears thereunder, and more specifically under 29 U.S.C. Sections 185(a), 1145, and 1132(a) and (f).

Service of the Complaint and Summons was effected upon Defendant Montage Decor, LLC (hereinafter "Defendant") on December 21, 2018. Upon service of the Complaint and Summons, Defendant Montage Decor, LLC failed to answer, or otherwise plead, and such time to answer or otherwise plead has expired. Thereafter, HCTF requested that default be entered against Montage Decor, LLC, and on January 15, 2019, the Clerk of the Court made an Entry of Default of Defendant Montage Decor, LLC.

3

On February 26, 2019, the Trust Funds filed a motion for entry of default judgment against Defendant, seeking to recover a money judgment in the following amounts owed as of February 11, 2019:

Montage Decor, LLC IUC Account No. 32806:

| | |
|---|---|
| Contributions | $269,901.44 |
| Liquidated Damages | $78,033.47 |
| 12% Fund Interest | $11,674.56 |
| 401k Lost Earnings Interest | $929.35 |
| Total | $360,538.82 |

Plaintiffs also requested their attorneys' fees and costs incurred in pursuing this action and its attorneys' fees and costs incurred in drafting this motion, attendance at the hearing thereon and finalization of the order and judgment in the amount of $2,444.71 in reasonable attorneys' fees and costs. Plaintiffs further requested an additional amount of attorneys' fees Plaintiffs expected to incur totaling $750.00, plus general excise tax of $35.34 for a total of $785.34 for the drafting of this motion, the attendance at the hearing of this motion, and finalization of the order and judgment thereafter. Accordingly, Plaintiffs requested attorneys' fees and costs in the amount of $3,230.05.

The Trust Funds' Motion for Entry of Default Judgment Against Montage Décor, LLC ("Motion for Default Judgment") came on for hearing on April 5, 2019 before the undersigned United States Magistrate Judge, due notice of

said hearing having been provided to Defendant. Jeffrey P. Miller appeared on behalf of the Trust Funds. Defendant failed to appear and/or respond to the Trust Funds' Motion for Default Judgment.

## FINDINGS

Having reviewed the Trust Funds' Motion for Default Judgment, the attached declaration of Jeffrey P. Miller, the attached declaration of Sarah Kobayashi, and the exhibits thereto, and the record established in this action, this Court finds as follows:

1. At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§ 186) and a multiemployer employee benefit plan within the meaning of the Employee Retirement Income Security Act (29 U.S.C. § 1002).

2. Montage Decor, LLC is a signatory to the Collective Bargaining Agreement ("CBA") with the Hawaii Regional Council of Carpenters. Pursuant to the CBA, each month Montage Decor, LLC is required to submit to the

Hawaii Carpenters Trust Funds office timely reports detailing the number of hours each of its employees worked on a union jobsite.

3. Montage Decor, LLC failed to submit the contributions owed pursuant to the hours worked by its employees and reported by Montage Decor, LLC.

4. The Complaint seeks payment of contributions, liquidated damages, and interest which Defendant Montage Decor, LLC was required to make pursuant to the Collective Bargaining Agreement. Based on Plaintiffs' report February 11, 2019 there is now known to be due, owing and unpaid to Plaintiffs from Defendant, contributions, lost earnings, and liquidated damages as follows:

Montage Decor, LLC IUC Account No. 32806:

| | |
|---|---|
| Contributions | $269,901.44 |
| Liquidated Damages | $78,033.47 |
| 12% Fund Interest | $11,674.56 |
| 401k Lost Earnings Interest | $929.35 |
| Total | $360,538.82 |

5. Defendant's obligations to the Trust Funds to pay trust fund contributions are continuing obligations and Defendant may accrue and owe additional trust fund contributions and liquidated damages up to the time of trial or proof.

6. Under the terms of the CBA and 29 U.S.C. § 1132(g)(2)(D), Defendant further promised that if it became necessary for the Trust Funds to take legal action to enforce payment of contributions and/or liquidated damages from Defendant, Defendant would pay all of the Trust Funds court, collection costs, and reasonable attorneys' fees.

7. Defendant breached the CBA by its continuous failure to pay and transmit employee benefit trust fund contributions to the Trust Funds.

8. The Trust Funds are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages and interest which may subsequently be discovered through audits or otherwise, arising from work performed by Defendant's employees both before and after February 11, 2019.

9. As fiduciaries, Plaintiff trustees have standing under 29 U.S.C. § 1132(a)(3) and § 1145 to bring this action in this court to seek redress for violations of terms of the plan and to enforce the terms of the plan by obtaining appropriate relief from this court. Section 502(e) of ERISA grants exclusive jurisdiction to the district courts to hear "civil actions under this subchapter brought by the Secretary [of Labor] or by a participant, beneficiary, [or] fiduciary." 29 U.S.C. § 1132(e)(I).

10. The Court has considered the application of the factors for evaluating whether default judgment is appropriate as set forth in <u>Eitel v. McCool</u>, 782 F.2d 1470, 1472 (9th Cir. 1986). Evaluating all of the <u>Eitel</u> factors, default judgment against Defendant is appropriate.

11. An award of attorneys' fees to employee benefit plans is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1132 and 1145.

12. This Court reviewed the billing records of Plaintiffs' counsel and the declarations attached to Plaintiffs' motion. The Court reduces Plaintiff's requested attorney's fees as the Court explained in detail on the record. To summarize, attorney's fees were deducted for clerical and/or ministerial tasks, such as communication with the Court's staff, and for the drafting of the Motion for Default Judgment. <u>See</u> <u>OneWest Bank, FSB v. Farrar</u>, No. CIV. 12-00108 ACK, 2014 WL 1326602 (D. Haw. Mar. 31, 2014); <u>Welch v. Metropolitan Life Ins. Co.</u>, 480 F.3d 942, 950 (9th Cir. 2007). The Court finds the deductions appropriate given the content of the Motion for Default Judgment. <u>Welch</u>, 480 F.3d at 950.

13. The Court finds that attorneys' fees in the amount of $1,361.26 inclusive of general excise tax, and costs in the amount of $611.41, to be reasonable, necessarily incurred, and directly related to the services provided herein.

# **RECOMMENDATION**

In accordance with the foregoing, this Court FINDS AND RECOMMENDS that Default Judgment in favor of Plaintiffs Trustees of the Hawaii Carpenters Trust Funds and against Defendant Montage Decor, LLC a default Judgment against Defendant Montage Decor, LLC for contributions in the sum of $269,901.44, liquidated damages in the sum of $78,033.47, 12% interest in the sum of $11,674.56, 401(k) Lost Earnings Interest in the sum of $929.35, reasonable attorneys' fees in the sum of $1,361.26, and costs in the amount of $611.41, without prejudice to the Trust Funds to seek other and further damages from the Defendant arising from unaudited hours worked by Defendant's employees both before and after February 11, 2019, for a total default judgment in the amount of $362,511.49.

DATED:  Honolulu, Hawaii, April 10, 2019.



 /s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

HAWAII CARPENTERS TRUST FUNDS vs. MONTAGE DECOR, LLC., et al., Civil No. 18-00393 LEK-RT, FINDINGS AND RECOMMENDATIONS TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT MONTAGE DECOR, LLC